

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 3, 1947

Hon. Bun L. Hutchinson
County Attorney
Bowie County
Boston, Texas

Opinion No. V-364

Re: Whether voting bond tax
in Leary Common School
District No. 17 increas-
ed over-all tax rate to
$1.50

Dear Sir:

We refer to your letter of recent date, which submitted for our consideration facts in substance as follows:

"The County Superintendent of Bowie County acting with the School Board of Leary Common School District, No. 17, has certified to the Commissioners' Court that for said district school purposes an assess-ment at the rate of $1.00 for local main-tenance purposes and 50¢ for bond purposes, making a total of $1.50 on each $100.00 val-uation within said district, is necessary for the 1947 - 1948 school term.

"On April 6, 1929, the district in a maintenance tax election voted a tax levy of one hundred cents on the $100.00 valuation for local maintenance of the school. At said time the district had no bonded indebtedness. Immediately after said election, the district voted bonds for school building purposes for which a 50¢ bond tax levy was necessary. By reason of the provisions of Article 2784, V.C.S., and particularly Subdivision 4 thereof, which fixed the maximum limits which a school dis-trict may levy for maintenance and bond taxes at $1.00, it was necessary that 50¢ of the maintenance tax money voted be set aside to service these bonds. In 1945, these bonds were paid off, and the district levied a local main-tenance tax of $1.00.

"On January 18, 1947, the district voted new school house bonds and authorized a levy of a tax for payment thereof. There is a necessity for a bond tax levy of 50¢ to service these bonds. See attached order declaring results of maintenance tax election held in 1929, order declaring results of school bond election held in January, 1947, order authorizing issuance of 1947 bonds, and the petition, order and notice of 1947 bond election.

"Query: Has this school district authorized a levy of a $1.50 tax, $1.00 of which shall be levied as a local maintenance tax and 50¢ of which may be levied as a school bond tax?

In our opinion the district voted an over-all tax of $1.00 for maintenance and bonds in 1929 (which at that time was the maximum statutory limit). This limit was not changed by the bond election in 1947. The new statute, Article 2784e, Vernon's Civil Statute, passed by the Legislature in 1945 raises the amount of maximum tax allowed to $1.50. However, in order to increase the tax rate of $1.00 previously voted by the district, an election must be held for that specific purpose. This was not done in the bond election in 1947; therefore, the voters had the right to assume that the tax voted to service this bond issue would be taken out of the $1.00 maximum tax previously voted. Your attention is called to the following language used in Section 4 of the above mentioned Article 2784e:

"No tax shall be levied, collected, abrogated, diminished or increased and no bonds shall be issued hereunder until such action has been authorized by a majority of the votes cast at an election held in the district for such purposes. . ." (Emphasis ours).

The import of the above quotation from the statute is that in order to increase the maximum tax (which a previously voted maintenance tax is, since according to Article 2784e, the maintenance tax includes any authorized bond tax and is reduced thereby up to 50¢ when the maximum voted tax is exceeded) the qualified voters in the district must specifically so direct in an election held for that purpose.

A similar question to that presented by you was answered in a prior Opinion (No. O-2316) of this Department, and while the facts are somewhat different, the same theory of law and reasoning are controlling of this case. We enclose herewith a copy of that opinion.

## SUMMARY

A Common School District is not authorized to levy a $1.50 tax, where maximum maintenance tax of $1.00 had been previously authorized and a majority of the qualified voters of the district approved a new bond issue and a 50¢ bond tax, without voting on a proposition to increase the maximum tax rate from $1.00 to $1.50. Art. 2784e V.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Harry M. Stanfield_

Harry M. Stanfield
Assistant

HMS/lh

APPROVED:

_Fagan Dickson_

FIRST ASSISTANT
ATTORNEY GENERAL